**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE _____

|  |  |  |
|---|---|---|
| NETSCOUT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| FORESCOUT TECHNOLOGIES, INC., | ) | |
| | ) | **05 - 10929 PB** |
| Defendant. | ) | |
| | ) | **JURY TRIAL REQUESTED** MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff NetScout Systems, Inc. ("NetScout"), for its Complaint against ForeScout Technologies, Inc. ("ForeScout") alleges as follows:

## NATURE OF THE ACTION

1.    In this action, Plaintiff seeks injunctive relief and damages for acts of trademark infringement, dilution, and unfair competition committed by Defendant in selling goods and services under the trademarks FORESCOUT and ACTIVESCOUT, which are confusingly similar to Plaintiff's NETSCOUT® trademark. Defendant's acts violate the laws of the United States, as well as the statutory and common laws of various states, including the Commonwealth of Massachusetts. In particular, this action arises under the federal Lanham Act, 15 U.S.C. § 1051 et seq., the statutory trademark, dilution, and unfair competition laws of Massachusetts, Mass. Gen. Laws ch. 110B, §§ 11 and 12, and ch. 93A, § 11, and the common law of Massachusetts.

## JURISDICTION AND VENUE

2.    This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq. ("Lanham Act"),
particularly 15 U.S.C. §§ 1114, 1119, and 1125, for trademark infringement, false designation of
origin, false description or representation, and related unfair competition.  Plaintiff also asserts
claims for trademark infringement and unfair competition under the statutory and common law
of states, including Massachusetts, Mass. Gen. Laws. ch. 110B, §§ 11 and 12 (2002), and for
unfair methods of competition and unfair or deceptive acts or practices in the conduct of any
trade or commerce under state law, including Mass. Gen. L. ch. 93A, § 11 (2002).

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,
1338(a), and 1338(b).  This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28
U.S.C. § 1367(a).

4.    Defendant is subject to suit in Massachusetts because, among other reasons, it has
or had a reasonable expectation that goods sold or transported under the FORESCOUT and
ACTIVESCOUT trademarks are used or are to be used, are sold, or are to be sold in
Massachusetts, its tortious conduct has taken place and continues to take place in Massachusetts,
and/or it regularly solicits business in Massachusetts and its acts are causing tortious injury in
Massachusetts.

5.    Venue is proper under 28 U.S.C. §§ 1391(b), and (c) in that, upon information
and belief, Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts
and/or the wrongful acts committed by Defendant occurred in and are causing injury in the
Commonwealth of Massachusetts.

## THE PARTIES

6.      Plaintiff is a Delaware corporation with its headquarters at 310 Littleton Road, Westford, Massachusetts 01886.

7.      Upon information and belief, Defendant is a Delaware corporation with a principal place of business of 10001 N. De Anza Blvd. Suite 220, Cupertino, CA 95014.

## PLAINTIFF AND PLAINTIFF'S TRADEMARKS

8.      Founded in 1984, NetScout is one of the world's premier providers of integrated computer network performance management solutions. NetScout currently serves more than 3500 organizations in locations across North America, Europe, and Asia.

9.      Since shipping its first product in 1992 – a standards-based Ethernet probe – NetScout has led the market with a continual stream of industry firsts that have evolved into industry standards, including the market's most comprehensive computer network performance management solution. The key features of NetScout's integrated software and hardware solution include computer network monitoring, capacity planning, troubleshooting, fault prevention, and service-level management, all of which maximize the integrity, reliability, availability, performance and efficiency of applications and content delivered over computer networks, supporting the mission critical operations of NetScout's customers.

10.     NetScout markets and distributes its products through its own direct sales force and through channel partners that include original equipment manufacturers, distributors, resellers, service providers, and systems integrators. Customers represent a wide range of industries, including financial services, technology, healthcare, retail, manufacturing, and service providers, as well as many large agencies of the federal government.

11.     NetScout advertises and sells its products throughout the United States, including in Massachusetts, and throughout the world by means of promotional materials, catalogs, magazines, and similar types of printed literature, as well as over the Internet through its own web site at <www.netscout.com>.

12.     At least as early as 1991, and prior to the acts of Defendant complained of herein, Plaintiff adopted and began to use in commerce the inherently distinctive designation and trademark "NETSCOUT" (the "NETSCOUT® Trademark") for and in connection with computer network monitoring software, and related goods and services.  Such use has been continuous since that time.

13.     Plaintiff has registered the NETSCOUT® Trademark in the United States Patent and Trademark Office (PTO), as well as in Canada, the European Community, and Japan.  In the United States, Plaintiff owns the following registrations related to the NETSCOUT® Trademark:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| NETSCOUT | 1,764,154 | April 13, 1993 |
| NETSCOUT and Design | 2,287,610 | October 19, 1999 |

14.     True and correct copies of the Certificates of Registration for Plaintiff's Reg. Nos. 1,764,154 and 2,287,610 are attached hereto as composite Exhibit A.

15.     Plaintiff's Reg. No. 1,764,154 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the NETSCOUT® Trademark in commerce in connection with the goods specified in the Certificate of Registration.  A true and correct copy of the Notice of Acceptance of Section 8

Affidavit and Notice of Acknowledgement of Section 15 Affidavit for Plaintiff's Reg. No. 1,764,154 is attached hereto as Exhibit B.

16.    Plaintiff's Reg. No. 2,287,610 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the NETSCOUT and Design® Trademark in commerce in connection with the goods specified in the Certificate of Registration. A true and correct copy of the Notice of Acceptance of Section 8 Affidavit and Notice of Acknowledgement of Section 15 Affidavit for Plaintiff's Reg. No. 2,287,610 is attached hereto as Exhibit C.

17.    Plaintiff has registered its NETSCOUT trademark in the Commonwealth of Massachusetts and has been issued a Certificate of Registration therefor, Massachusetts Reg. No. 65017. A true and correct copy of the Certificate of Registration for Plaintiff's Massachusetts Reg. No. 65017 is attached hereto as Exhibit D.

18.    Since prior to the acts of Defendant complained of herein, Plaintiff has achieved wide-spread and substantial sales of its products designated by the NETSCOUT® Trademark throughout the United States, including Massachusetts, and worldwide.

19.    The NETSCOUT® Trademark is and has been so commonly used by Plaintiff and others to identify Plaintiff's products that said products are now and, since prior to the acts of Defendant complained of herein, have been generally known among the trade and the public by the NETSCOUT® Trademark.

20.    The NETSCOUT® Trademark appears on Plaintiff's computer software and hardware, packaging, user manuals, web site, and other promotional and advertising materials.

## DEFENDANTS ACTIVITIES

21.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant filed applications to register the designations FORESCOUT and ACTIVESCOUT both for "computer software designed to provide computer network perimeter security; computer hardware," with the PTO. The applications have been assigned Serial Nos. 78/126,971 and 78/126,968, respectively (the "ForeScout Applications").

22.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant commenced the manufacture, distribution, and/or sale in commerce of software and/or the rendering of services under the FORESCOUT and ACTIVESCOUT trademarks (the "Accused Trademarks") or bearing the Accused Trademarks. Copies of pages from Defendant's web site located at <www.forescout.com>, which display products and services offered under the Accused Trademarks, are attached hereto as composite Exhibit E.

23.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant began promoting and offering for sale products and services bearing the Accused Trademarks via a web site at <www.forescout.com> (the "Domain Name"). See copy of domain name registration information, attached hereto as Exhibit F. This interactive web site is continuously available in Massachusetts, and visitors to the web site can, among other things, order and/or view a live demonstration of the products bearing the Accused Trademarks.

24.    Upon information and belief, Defendant has distributed, sold, or offered for sale products and services bearing or associated with the Accused Trademarks in the Commonwealth of Massachusetts and in other states.

25.    Upon information and belief, Defendant has promoted products and services bearing or associated with the Accused Trademarks, among other things, through sponsorship

and/or participation in industry events in the Commonwealth of Massachusetts and in other states.

26.    The Accused Trademarks are confusingly similar to Plaintiff's NETSCOUT® Trademark.

27.    The goods provided by Defendant under the Accused Trademarks – computer software designed to provide computer network perimeter security; computer hardware – are highly similar or highly related to the goods provided by Plaintiff under its NETSCOUT® Trademark. In fact, Defendant's products perform network performance management functions such as "monitor[ing] internet traffic," and "reporting and displaying information about attack attempts..." See Exhibit E.

28.    Upon information and belief, Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the goodwill represented and symbolized by the NETSCOUT® Trademark. Upon information and belief, Defendant has been well aware that the NETSCOUT® Trademark is recognized widely and relied upon by the public and the trade as identifying NetScout and its products and as distinguishing said products from the products of others.

29.    Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendant engaged in a deliberate and willful scheme to trade upon and to misappropriate for itself the goodwill represented and symbolized by the NETSCOUT® Trademark, by applying to register, adopting, or using in commerce the Accused Trademarks.

30.    Defendant's use in commerce of the Accused Trademarks is designed, and is calculated, and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, or sponsorship of Defendant's products, and to

cause consumers mistakenly to believe that Defendant's products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

31.    Defendant's use of the Accused Trademark is without the license, authorization, or consent of Plaintiff.

32.    Plaintiff has objected to the use and/or registration of the Accused Trademarks by Defendant. Plaintiff has filed a consolidated opposition proceeding with the Trademark Trial and Appeal Board (TTAB) of the PTO against the ForeScout Applications, which is pending.

33.    Defendant has refused to comply with Plaintiff's demands to cease and desist use of the Accused Trademarks or to abandon the ForeScout Applications.

## <u>COUNT I – FEDERAL TRADEMARK INFRINGEMENT</u>

34.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33 as if fully set forth herein.

35.    With full knowledge and awareness of Plaintiff's ownership and prior use of the NETSCOUT® Trademark and for their own benefit, Defendant intentionally has used in commerce, and upon information and belief, will continue to use the Accused Trademarks, which use is likely to cause confusion, or to cause mistake, or to deceive.

36.    Defendant's aforesaid acts constitute infringement of Plaintiff's federally-registered and incontestable trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

37.    Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

38.    Plaintiff has no adequate remedy at law.

39.    Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

40.    Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT II – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

41.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 40 as if fully set forth herein.

42.    Defendant intentionally has used and, upon information and belief, will continue to use in commerce the Accused Trademarks, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendant's products by Plaintiff.

43.    Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.    Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

45.    Plaintiff has no adequate remedy at law.

46.    Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

47.    Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

48.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

49.    Defendant's acts in promoting and selling products and services that are of substantially the same character as NETSCOUT® products in connection with a trademark that is confusingly similar to Plaintiff's NETSCOUT® Trademark constitutes common law trademark infringement, palming or passing off of Defendant's goods and services as those of Plaintiff, and unprivileged imitation, all of which create in the mind of the public the impression that Plaintiff is responsible for the quality and performance of Defendant's goods and services or is otherwise connected to or associated with Defendant.

50.    Defendant's use of a trademark confusingly similar to Plaintiff's NETSCOUT® Trademark constitutes a use of Plaintiff's trademark on and in connection with goods or services that Plaintiff cannot control. Such acts will materially damage the reputation of Plaintiff and that of its goods and services and damage the goodwill in Plaintiff's trademark that has been created by Plaintiff's substantial expenditure of money.

51.    Defendant's aforesaid acts constitute trademark infringement and unfair competition, all in violation of Plaintiff's rights under the common law of the Commonwealth of Massachusetts and other states.

52.    Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

53.    Plaintiff has no adequate remedy at law.

54.    Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

55.    Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT IV – STATE TRADEMARK INFRINGEMENT: MASSACHUSETTS

56.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 55 as if fully set forth herein.

57.    Plaintiff is the owner of the Massachusetts Registration for NETSCOUT for computer software and hardware. See Exhibit D. The Certificate of Registration shown in Exhibit D serves as competent and sufficient proof of the registration of Plaintiff's NETSCOUT trademark in Massachusetts.

58.    Upon information and belief, Defendant has used and will continue to use the Accused Trademarks in Massachusetts, which use is likely to cause confusion or to cause mistake or to deceive as to the source or origin of Defendant's goods or services, all in violation of Plaintiff's rights under Massachusetts law. Such use by Defendant is without Plaintiff's consent.

59.    Defendant's aforesaid acts constitute infringement of Plaintiff's registered trademark, in violation of Mass. Gen. Laws ch. 110B, § 11 (2002).

60.    Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

61.    Plaintiff has no adequate remedy at law.

62.    Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

63.    Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT V – STATE TRADEMARK DILUTION: MASSACHUSETTS

64.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 63 as if fully set forth herein.

65.    The NETSCOUT® Trademark is distinctive and, through long and extensive use, advertising, marketing, and public awareness, possesses a high degree of distinctiveness, including in Massachusetts.

66.    Upon information and belief, Defendant has used and will continue to use the Accused Trademarks in Massachusetts, which use has injured and will continue to injure Plaintiff's business reputation and/or has diluted and will continue to dilute the distinctive quality of Plaintiff's NETSCOUT® Trademark.

67.    Defendant's aforesaid acts are likely to injure the business reputation of Plaintiff or likely to dilute the distinctive quality of Plaintiff's NETSCOUT® Trademark, in violation of Mass. Gen. Laws ch. 110B, § 12 (2002).

68.    Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

## COUNT VI – UNFAIR TRADE PRACTICES: MASSACHUSETTS

69.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 68 as if fully set forth herein.

70.    Defendant's acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, § 11 (2002), and were committed by Defendant primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

71.    Defendant's aforesaid acts have harmed Plaintiff's business reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have unjustly enriched Defendant.

72.    Defendant's aforesaid acts have injured and will continue to injure Plaintiff's business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiff's Trademarks.

73.    Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

74.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays:

A.     That this Court adjudge that the NETSCOUT® Trademark has been infringed and diluted as a direct and proximate result of the acts of Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the statutory and common laws of Commonwealth of Massachusetts and other states.

B.     That this Court adjudge that Defendant have competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, the General Laws of Massachusetts, and the common laws of the Commonwealth of Massachusetts, and other states.

C.     That this Court deny the registration of the ForeScout Applications by the United States Patent and Trademark Office.

D.     That Defendant, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

1)     From using the Accused Trademarks, or any designation or trademark similar thereto, in any way, including in the Domain Name or any other domain name or web address, in connection with computer software or hardware, or any other related goods or services; and

2)     From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendant and Plaintiff, or their respective products and/or services; and

3)     From otherwise infringing or diluting any trademark owned by Plaintiff or engaging in unfair competition against Plaintiff.

E.     That Defendant be required to deliver up for destruction all products, packaging, signs, prints, promotional materials, advertisements, and other written or printed materials that bear the Accused Trademarks, or any trademarks similar thereto.

F.     That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement, dilution, false designation of origin, false description or representation, and unfair competition.

G.     That this Court treble such amounts awarded as allowed by § 35 of the Lanham Act, 35 U.S.C. § 1117, and multiple and/or punitive damages as allowed by federal and other state law.

H.     That this Court award Plaintiff multiple damages as allowed by Mass. Gen. Laws ch. 93A, and other federal and state law.

I.     That Plaintiff recover both pre-judgment and post-judgment interest on each and every award.

J.     That Plaintiff recover its reasonable attorneys' fees incurred in this action, as provided for under federal and state law.

K.     That Plaintiff has and recover its taxable costs and disbursements incurred in this action.

L.     That Plaintiff has other and such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date:  May 5, 2005

NETSCOUT SYSTEMS, INC.
By its attorneys,

David J. Byer (BBO# 544411)
Deborah J. Peckham (BBO# 564865)
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA  02109-1808
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175

BOS-818682-1

Int. Cl.: 9

Prior U.S. Cl.: 38

## United States Patent and Trademark Office

Reg. No. 1,764,154
Registered Apr. 13, 1993

### TRADEMARK
### PRINCIPAL REGISTER

## NETSCOUT

FRONTIER SOFTWARE DEVELOPMENT, INC. (MASSACHUSETTS CORPORATION)
1501 MAIN STREET, SUITE 39-40
TEWKSBURY, MA 01876

FOR: SOFTWARE FOR USE ON LOCAL AREA NETWORKS AND WIDE AREA NETWORKS TO ANALYZE NETWORK INFORMATION TRAFFIC FOR THE PURPOSE OF MEASURING NETWORK PERFORMANCE AND ISO-LATING AND DIAGNOSING ERRORS, DELAYS AND FAULTS , IN CLASS 9 (U.S. CL. 38).

FIRST USE 10-7-1991; IN COMMERCE 10-7-1991.

SER. NO. 74-220,917, FILED 11-8-1991.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY

ESD-601

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 2,287,610

Registered Oct. 19, 1999

## TRADEMARK
### PRINCIPAL REGISTER



NETSCOUT SYSTEMS, INC. (DELAWARE CORPORATION)
4 TECHNOLOGY PARK DRIVE
WESTFORD, MA 01886

FOR: COMPUTER PROGRAMS FOR MONITORING AND MANAGING COMPUTER NETWORK TRAFFIC AND COMPUTER NETWORK DIAGNOSTIC SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3–31–1997; IN COMMERCE 3–31–1997.

OWNER OF U.S. REG. NO. 1,764,154.

SER. NO. 75–516,167, FILED 7–9–1998.

DAVID M. MERMELSTEIN, EXAMINING ATTORNEY



UNITED STAT.. OF PARTMENT OF COMMERCE
Patent and Trade  .. Office
ASSISTANT COMMISSIO..ER FOR TRADEMARKS
2900 Crystal Drive
Arlington, VA  22202-3513

REGISTRATION NO.  1764154    SERIAL NO.  74/220917    PAPER NO.

MAILING DATE: Aug 30, 1999

MARK: NETSCOUT

REGISTRANT: NETSCOUT SYSTEMS, INC.

CORRESPONDENCE ADDRESS:              TMPRU

JOSEPH G HADZIMA JR
TESTA HURWITZ & THIBEAULT
TRADEMARK ADMINISTRATOR
125 HIGH ST
BOSTON MA 02110

Please furnish the following
in all correspondence:

1.  Your phone number and ZIP Code.
2.  Mailing date of this action.
3.  Affidavit-Renewal Examiner's name.
4.  Mark all correspondence to the
    attention of "PRU" using the above
    address.
5.  Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

A. J. GORE
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 308-9500  EXT. 129



UNITED STATES
PATENT AND
TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO:  2287610     SERIAL NO:  75/516167     MAILING DATE:  12/16/2004

REGISTRATION DATE:  10/19/1999

MARK:  NETSCOUT AND DESIGN

REGISTRATION OWNER:  Netscout Systems, Inc.

**CORRESPONDENCE ADDRESS:**

Jennifer K. Lawson
TESTA HURWITZ & THIBEAULT LLP
ATTN: Trademark Administrator
125 HIGH ST
BOSTON MA 02110

# NOTICE OF ACCEPTANCE

15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

************************************************

# NOTICE OF ACKNOWLEDGEMENT

15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

************************************************

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
009.

ROBERSON, FAITH
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION

(703)308-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**



# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Corporations Division

\#: _65017_

Mark: _NETPCOUT_

Dear Registrant:

Enclosed please find an approved copy of your Trademark or Servicemark application. This certificate of registration will be effective for a period of ten (10) years from the date stamped on the back. The registration number, which appears in the top right corner of the front of the form, should be used when requesting information, copies, or notifying this office of an address change.

Within six (6) months of the expiration of your term of registration a notification will be sent to the last address of record. Notices will not be sent to the law firm which may have filed the original application.

The appropriate symbol to indicate state registration is *"TM"* or *"SM"*. The symbol used for a federal registration is an *"R"* within a circle. This symbol **may not be used unless you mark is registered** with the Patent and Trademark Office in Washington, DC. For federal information and forms, call (703) 308-4357.

This office is not permitted to give legal advice regarding infringement of your Trademark or Servicemark. If you need information on name disputes or Trademark or Servicemark infringement, please consult an attorney.

Office of the Secretary of the Commonwealth
One Ashburton Place
Trademark Division
Boston, MA  02108

One Ashburton Place, 17th Floor, Boston, Massachusetts 02108 · (617) 727-9640

65017

Fee: $50.00

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## APPLICATION FOR REGISTRATION OF A TRADEMARK
### (General Laws, Chapter 110B, Section 2)

1. Name of applicant: NetScout Systems, Inc.

2. (a) Principal business address: 310 Littleton Road, Westford, MA 01886

   (b) *Business address in Massachusetts, if any:

3. State whether applicant is an individual, partnership, corporation, union or association: corporation

4. If a corporation, the state of incorporation is: Delaware

5. Describe mark:

   The mark is: NETSCOUT

6. Describe the specific goods in connection with which the mark is used:

   Computer software and computer hardware

7. Class No.: 9

8. The mark is used by displaying it:

   ☑ directly to the goods
   ☑ directly to the containers for the goods
   ☐ by displaying it in physical association with the goods in the sale or distribution thereof
   ☐ in other fashions (explain):

   ☑ to tags or labels affixed to the containers for the goods
   ☑ to tags or labels affixed directly to the goods

9. Date of first use of mark by applicant or predecessor. If first use of mark was in Massachusetts, use the same date in both (a) and (b).

   (a) Anywhere: 10/07/91

   (b) In Massachusetts: 10/07/91

10. If either of the above first uses was by a predecessor of the applicant, state which use or uses were by a predecessor and identify that predecessor: The first uses anywhere and in Massachusetts on 10/07/91 were by a predecessor of the applicant, Frontier Software Development, Inc.

State of: Massachusetts

County of: Middlesex

Name of applicant: (signatory)  Todd E. Johnson

Signature of applicant: _____

Title: Director of Legal Services

*Note: This document must be notarized – see reverse side.*
*Fill in only if principal business address is not in Massachusetts*

110bcrtm 4/4/00

_Todd E Johnson_ , being duly sworn, deposes and says that he is the _Dir of Legal Servs_ of the above named applicant, that the statements contained in the foregoing statement are true and that he verily believes that said applicant is the owner of the mark sought to be registered and that no other person has the right in the Commonwealth of Massachusetts to use such mark either in the identical form thereof, or in such near resemblance thereto, as to be likely, when applied to the goods or services of such person, to cause confusion or to cause mistake or to deceive.

SUBSCRIBED and sworn to before me this _1st_ day of _November_ , 20 _04_ .

Notary Public: _Angela M Busley_    My commission expires: _March 7 2008_



ANGELA M. BUSBY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Mar 7, 2008

*Please print the name and address in the space provided below of the person to whom you wish this application to be sent.*



CERTIFICATE OF REGISTRATION
OF A TRADEMARK

General Laws, Chapter 110B, Section 4

NOV 0 4 2004

Filed with
William Francis Galvin,
Secretary of the Commonwealth
and Secretary's Certificate of Record issued on:

_this 4th of November, 20 04_

_OK #23779_

FEE PAID

NOV 0 4 2004
CASHIERS
SECRETARY'S OFFICE



William Francis Galvin
Secretary of the Commonwealth
Trademark Section
One Ashburton Place, Rm. 1712
Boston, MA 02108

NetScout Systems: Unified Network and



Jennifer K. Lawson, Esq.

Testa, Hurwitz & Thibeault, LLP

125 High Street, High Street Tower

Boston, MA 02110

ForeScout Technologies



# ForeScout

**Intelligent Intrusion Prevention™**

Company | Products | Solutions | Partners | News & Events | Contact | Support



# Stop Hacker & Automated Attacks from Disrupting Your Business.

## Automatic.

100% Automatic Blocking.

No Signatures, No Prior Knowledge of the Attack.

Zero Latency. Zero Point of Failure.



### Defense in Depth Node



Request
a Free Trial

**CounterACT**
Instantly intercept and block/contain threats, emanating from inside your network — espionage, self-propagating threats.

**ActiveScout**
Instantly stop threats from breaching your perimeter by identifying malicious sources with proven intent and automatically blocking them at the source.

### What's New

ForeScout Technologies chosen as a premier vendor to present at an exclusive Emerging Security Technology Forum sponsored by the Department of Homeland Security.

ForeScout and Apani Networks Forge Alliance To Provide Innovative Enterprise Security Solution

SIRVA Chooses ForeScout to Ensure Network Continuity During Worm Outbreaks

ForeScout Launches Free Service That Monitors Network Threats and Alerts Subscribers With Accurate, Actionable

### Customer Validated Solutions



SRI

BANK of the WEST

Sara Lee

http://www.forescout.com/

ForeScout Technologies

**ACTNet System**

Accurate Containment of Threats Network
is a global network of security sensors
ensuring a reliable computing
environment by stopping threats BEFORE
they get to your network

Data

*Find out why 100% of our
customers have their ForeScout
appliances set to automatic
blocking mode.*







**ForeScout**

CounterACT
**ActiveScout**
Features
Requirements
Proven Intent
Demo Center
Case Studies
FAQ's
Resource Library

Company    **Products**    Solutions    Partners

News/Events
Contact
Support




**ActiveScout**

ActiveScout actively protects networks from external threats. Accurate identification of an attacker's proven intent allows ActiveScout to stop attacks before they reach your network. ActiveScout is truly a set it and forget-it solution that you can trust to stop known and unknown threats.

Download Datasheet

**Key Benefits**

Absolute Accuracy

Prevention of Known & Unknown Threats

Instantaneous Protection

Minimal Cost of Prevention

## ActiveScout Components

The ActiveScout Enterprise consists of three components:



### Scouts

The Scouts are positioned outside firewalls and actively monitor internet traffic for signs of pre-attack activity. The Scout is responsible for accurately identifying

http://www.forescout.com/activescout.html

ForeScout Technologies: ActiveScout

attackers, 'marking' them as potential threats and automatically blocking any attempt they make to return. Multiple Scouts are deployed in the Enterprise solution to protect the network's distributed access points.

**Management Server**
The Management Server controls the activity and policy of Scouts distributed across the enterprise, reporting and displaying information about attack attempts, identification, and prevention measures that occur at each location.

**Enterprise Manager**
The Enterprise Manager is a Java-based application that provides comprehensive management of all Scouts. Residing on any point of the network, it presents a visual overview of threat prevention activity - including a geographical representation of potential attackers and the preventive steps that were taken against them.



ForeScout



ActiveScout

Company | Products | Solutions | Partners

News/Events
Contact
Support

CounterACT
ActiveScout
  Phased Approach
  Features
  Requirements
  Proven Patent
  Demo Center
  Case Studies
  FAQ's
Resource Library

## Demo Center

Welcome to the ActiveScout Demo Center. This is the place where you can do more than read about our solutions and technology. You can learn about our intrusion prevention process and watch how it works.

→ *ForeScout Technology*
*Flash Tutorial*



Learn how ActiveScout's unique 3 phased intrusion prevention process accurately and automatically blocks attacks. <u>View></u>

→ *ActiveScout*
*Product Demonstration*

Experience a live network being protected real-time and see accurate identification of attackers from around the world. <u>View></u>

## Demo Support

If you have any questions about the demo, please contact us at <u>demo@forescout.com</u>

HOME | COMPANY | PRODUCTS | SOLUTIONS | PARTNERS | NEWS/EVENTS | CONTACT | SUPPORT



**ForeScout**

Thank you for your interest in viewing the ForeScout demo.

Please provide the information below. You will be receiving an email with a link that will allow you to access the demo.

(*Required Fields)

First Name*: _____    Last Name*: _____

Company*: _____    Title: _____

State/Province*:
(if US/Mexico/Canada): _____

Zip/Postal Code*
(if US/Canada): _____    Country*: _____

Phone Number*: _____    E-mail*: _____

Industry:
-None-- _____

Company Size? _____    Timeframe? _____

Please keep me informed about ForeScout news and events.

Yes

Submit

http://www.forescout.com/demo-form.html

**Network Solutions**    FREE OFFERS    WHOIS    VIEW ORDER    CUSTOMER SERVICE    ACCOUNT MANAC

| HOME | REGISTER A DOMAIN | HOST YOUR WEB SITE | CREATE A WEB SITE | BUY E-MAIL | PROMOTE YOUR SITE | GROW YOUR BUSINESS | TRANSFER YOUR DOMAIN |

## Thousands of domains expire every day.

# WHOIS SEARCH RESULTS

**WHOIS RECORD FOR**

## forescout.com



Certified Offer Service - Make an offer on this domain
Backorder - Try to get this name when it becomes available
Private Registration - Make personal information for this domain private
Similar Names - See suggested alternatives for this domain

**Registrant:**                                    Make this info private
SHIKMONI, DORON **

ForeScout Technologies, Habarzel 32
Tel-Aviv, 69710
IL
Phone: +972 3 6449987
Fax: 123 123 1234

**Domain Name:** FORESCOUT.COM

**Administrative Contact , Technical Contact :**
SHIKMONI, DORON **
hostmaster@forescout.com
ForeScout Technologies, Habarzel 32
Tel-Aviv, 69710
IL
Phone: +972 3 6449987
Fax: 123 123 1234

**Record expires on** 29-Mar-2007
**Record created on** 29-Mar-2000
**Database last updated on** 29-Jun-2004

**Domain servers in listed order:**            Manage DNS

NS1.FORESCOUT.COM                        194.90.25.83
NS2.FORESCOUT.COM                        212.179.35.136

Show underlying registry data for this record

**Current Registrar:**   NETWORK SOLUTIONS, LLC.
**IP Address:**          212.179.35.136  (ARIN & RIPE IP search)
**IP Location:**         IL(ISRAEL)-TEL AVIV-TEL AVIV
**Record Type:**         Domain Name
**Server Type:**         Apache 1

**BUY THE AVAILABLE EXT
FOR THIS DOMAIN NAM**

forescout
forescout
forescout
forescout
forescout
forescout
forescout
forescout
forescout
forescout
forescout

**SEARCH AGAIN**

**Enter a search term:**

e.g. networksolutions.c

**Search by:**
⦿ Domain Name
○ NIC Handle
○ IP Address

SEAR

**RELATED CATEGORIES**

help
financial help
sales forecasting
personal development
bargains

| | |
|---|---|
| **Lock Status:** | REGISTRAR-LOCK |
| **Web Site Status:** | Active |
| **DMOZ** | no listings |
| **Y! Directory:** | see listings |
| **Secure:** | No |
| **E-commerce:** | No |
| **Traffic Ranking:** | Not available |
| **Data as of:** | 21-Jun-2004 |

financial assistance
self help
fortune telling
low prices
humanitarian aid

**POPULAR CATEGORIES**

**Travel**
Car Rental
Hotels
Airline

**Financial Planning**
Debt
Credit Cards
Loans

**Business and Finance**
Affiliate Program
Student Loans
Stocks

**Is the name y**
**want here**

VIEW

**Keyword Alert S**
A **FREE** service to find
the domain you want e

When you register a domain name, current policies require that the contact information for your domain name registrati included in a public database known as WHOIS. To learn about actions you can take to protect your WHOIS information www.internetprivacyadvocate.org.

NOTICE AND TERMS OF USE: You are not authorized to access or query our WHOIS database through the use of high-vc automated, electronic processes or for the purpose or purposes of using the data in any manner that violates these term The Data in Network Solutions' WHOIS database is provided by Network Solutions for information purposes only, and to persons in obtaining information about or related to a domain name registration record. Network Solutions does not gua accuracy. By submitting a WHOIS query, you agree to abide by the following terms of use: You agree that you may use only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise supp transmission of mass unsolicited, commercial advertising or solicitations via direct mail, e-mail, telephone, or facsimile; enable high volume, automated, electronic processes that apply to Network Solutions (or its computer systems). The co repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of Network You agree not to use high-volume, automated, electronic processes to access or query the WHOIS database. Network Si reserves all rights and remedies it now has or may have in the future, including, but not limited to, the right to terminat access to the WHOIS database in its sole discretion, for any violations by you of these terms of use, including without lir excessive querying of the WHOIS database or for failure to otherwise abide by these terms of use. Network Solutions re right to modify these terms at any time.



Back to top | About Us | Partnerships | Customer Service | Site Map

Make a WHOIS search on a domain on the Web | Network Solutions
Case 1:05-cv-10929-PBS    Document 1-7    Filed 05/05/2005    Page 3 of 3
Page 3 of 3

Home    Register      Host Your    Create a    Buy      Promote    Grow Your      Transfer      Renew      Account
         a Domain     Web Site     Web Site   E-mail    Your Site   Business      Your Domains   Services    Manager

Review our Policies, Service Agreement, and Legal Notice
© Copyright 2005 Network Solutions. All rights reserved.

®JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NetScout Systems, Inc.

**DEFENDANTS**
ForeScout Technologies, Inc.

**(b)** County of Residence of First Listed Plaintiff    Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street, Boston, MA  02109-1808;  (617) 261-3100

Attorneys (If Known)
Coleman & Weinstein
410 Park Avenue, 15th Floor, New York, NY  10022

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original
Proceeding
☐ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from
another district
(specify)
☐ 6 Multidistrict
Litigation
☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C Section 1051, et seq.
Brief description of cause:
Trademark infringement and related unfair competition under federal and state law

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $
unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):    JUDGE
DOCKET NUMBER

DATE
_[signature]_
SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

AO 120 (Rev. 3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____Massachusetts_____ on the following ☐ Patents or ☑ Trademarks:

| DOCKET NO. | DATE FILED<br>May 5, 2005 | U.S. DISTRICT COURT<br>Massachusetts |
|---|---|---|
| PLAINTIFF<br><br>NetScout Systems, Inc. | | DEFENDANT<br><br>ForeScout Technologies, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  1,764,154 | 4/14/1993 | NetScout Systems, Inc. |
| 2  2,287,610 | 10/19/1999 | NetScout Systems, Inc. |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy